James DICK, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 62–C–13.

United States District Court
E. D. Wisconsin.

June 6, 1963.

Robert Cavanaugh, Milwaukee, Wis., for plaintiff.

Donald Anderson, Dept. of Justice, Tax Div., Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant.

TEHAN, Chief Judge.

This suit for a refund of taxes paid for the year 1956, in which the plaintiff, James Dick, alleges that he was entitled to claim an exemption for each of his six minor children for that year and in which the defendant alleges that those claimed exemptions were properly disallowed because the plaintiff did not furnish over half of the children's support during that year, came on for trial by the court on June 4, 1963. During the trial, the parties requested a preliminary ruling on the question of whether the earnings of two of the plaintiff's minor sons, or any portion of those earnings, could be considered in computing the amount which the plaintiff contributed to the support of his minor children. As explained to the court, the parties have agreed to settle this case and have reached agreement on two undisclosed figures, one to be the amount of settlement if the court rules that the sons' earnings cannot be considered and the other to be the amount of settlement if the court rules that those earnings can be considered. Absent a settlement, the ruling will determine to a great extent the relevancy of evidence to be offered at the trial.

It is the position of the plaintiff that the 1956 earnings of his two minor sons, or at least that portion of the earnings actually expended for support of any of his six minor children, may be considered as contributed by the plaintiff to the support of those children because under Wisconsin law a father is entitled to the earnings of his minor children. We agree with the position of the defendant, however, that regardless of the entitlement to those earnings under State law, their taxability is governed by Federal law and that under Federal law not only are the earnings taxable to the children, but all expenditures out of those earnings must be considered as having been made not by the plaintiff but by the children. This law is clearly set forth in § 73, Title 26 U.S.C., which provides in part:

"§ 73. Services of child

"(a) Treatment of amounts received.—Amounts received in respect of the services of a child shall be included in his gross income and not in the gross income of the parent, even though such amounts are not received by the child.

"(b) Treatment of expenditures.— All expenditures by the parent or the child attributable to amounts which are includible in the gross income of the child (and not of the parent) solely by reason of subsection (a) shall be treated as paid or incurred by the child."

The plaintiff argues that § 73(b) provides only that expenditures out of a child's earnings for deductible items must be treated as having been paid or incurred by the child. Section 73(b) contains no limitation of that nature and dictates that all expenditures out of a child's earnings, including, we believe, expenditures for the child's own support or for the support of others, must be treated as having been paid by the child. It follows that such expenditures cannot be considered as having been paid by the child's parent.

We hold therefore that no portion of the earnings of the plaintiff's two minor sons can be considered in computing the amount contributed by the plaintiff in 1956 to the support of his minor children.